UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

TINA A. GIVENS                                                CIVIL ACTION

v.                                                            NO. 12-690

ES&H, INC., ET AL.                                            SECTION "F"

ORDER AND REASONS

Before the Court is the defendants' motion for summary judgment. For the reasons that follow, the motion is DENIED.

Background

This personal injury lawsuit arises out of injuries allegedly suffered by an oil cleanup worker. ES&H, Inc. provided emergency spill response services to BP after the Deepwater Horizon oil spill. To assist in performing beach cleanup in Grand Isle, Louisiana, ES&H, in turn, contracted with Team Labor Force, LLC ("TLF").[1] Tina Givens was employed by TLF. Her job duties included

---

[1] ES&H contracted with TLF, which hired Ms. Givens. The parties disagree whether ES&H was her employer or just a third party. ES&H and TLF invoke a Master Service Agreement and a Master Service Agreement Addendum ("the Agreement"), which they insist shows that TLF was her "direct employer" and ES&H was her "statutory employer" as those terms are used in the Louisiana Workers' Compensation Act ("LWCA"). The Agreement provides
> (d) in all cases where *Contractor's* [TLF's] employees (defined to include *Contractor's* [TLF's] direct, borrowed, nominal, special, or statutory employees) are covered by the Louisiana Workers' Compensation Act, La.

1

removing liquid oil and tar balls by digging up and sifting sand. TLF housed Ms. Givens at a hotel on Grand Isle and transported her to and from work sites. During one of those trips to work, on January 11, 2011, Ms. Givens was injured in an automobile accident while riding in a TLF van. After that, TLF restricted her work duties.

As a result of her injury, between January 11 and March 24, 2011, Ms. Givens was no longer performing beach technician work. Rather, TLF required her to organize and check both cargo and crew that were loaded for transport from vessels onto the beach work sites. On March 24, 2011, while she was working as a cargo checker for the loading and unloading of vessels, Ms. Givens had a second accident: TLF instructed her to board ES&H's vessel, the MS. REBECCA, located on navigable waters near Grand Isle in order to be transported to a nearby island beach for clean up work. While Ms. Givens was standing at the aft of the vessel near the closed engine room hatch, an ES&H worker was standing behind her when he opened the engine room hatch without warning. She turned to enter the

---

R.S. § 23:1020 *et. seq. Company* [ES&H] and *Contractor* [TLF] agree that all work performed by *Contractor* [TLF] and its employees pursuant to the Agreement are an integral part of, and are essential to, the ability of *Company* [ES&H] to generate *Company's* [ES&H's] goods, products, and services for the purposes of La. R.S. § 23:1061(A)(1) and that *Company* [ES&H] is entitled to the protections afforded a statutory employer or special employer (as defined in La. R.S. § 23:1061) of *Contractor's* [TLF's] employees...

cabin of the vessel and fell into the open hatch of the engine room. As a result, Ms. Givens allegedly suffered severe and debilitating injuries to her left leg, arms, neck and back. TLF fired her weeks later, on May 13, 2011, after she requested additional medical treatment.

Ms. Givens filed workers' compensation claims with the Louisiana Office of Workers' Compensation for the accident on January 11, 2011, and the accident on March 24, 2011. She also filed a claim with the U.S. Department of Labor, Office of Workers' Compensation Programs, Longshore Division, for the March 24 fall. TLF and its insurance carrier defended that case and participated in discovery. ES&H, however, failed to participate and also failed to respond to subpoenas issued through the Louisiana Office of Workers' Compensation.

On February 14, 2012, the Louisiana Office of Workers' Compensation determined that, in regard to both accidents, Ms. Givens was injured within the course and scope of her employment with TLF. As a result, she received workers' compensation benefits.

On March 24, 2012, shortly after the Louisiana Office of Workers' Compensation published its order, Ms. Givens sued TLF, her employer, and ES&H, as the owner/operator of the vessel, the MS. REBECCA. Plaintiff invoked this Court's maritime jurisdiction pursuant to the federal general maritime laws and, alternatively, presents an admiralty claim falling within Rule 9(h) of the Federal

Rules of Civil Procedure.  According to Ms. Givens, TLF's and ES&H's maritime negligence caused her to fall and sustain injuries.[2] Defendants now seek summary relief on the ground that her exclusive remedy is worker's compensation.

### I. Standard for Summary Judgment

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.  See id.  Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate.  Id. at 249-50 (citations omitted).  Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case.  See Celotex Corp. v. Catrett,

---

[2] Plaintiff does not pursue a Jones Act claim against TLF; she concedes that she is not a seaman.

477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

II.

Invoking the Louisiana Workers' Compensation Act's exclusive remedy provision, defendants urge the Court to recognize that plaintiff is barred from bringing these claims. The sole issue presented by defendants' motion for summary judgment is whether the state workers' compensation law precludes plaintiff from asserting a general maritime claim.

The text of the statute's exclusive remedy clause provides that the remedies granted to an employee on account of an injury for which she is entitled to compensation under the LWCA are exclusive of other remedies and claims for damages "unless such rights, remedies, and damages are created by statute... expressly establishing same as available to such employee... as against [her]

5

employer... for said injury...." LSA-R.S. 23:1032(A)(1). The language of the statute itself clearly instructs that the law's exclusive remedy protections are not absolute. More importantly, as plaintiff points out, the U.S. Constitution grants exclusive and original jurisdiction to the federal district courts over all maritime claims. Indeed, the Fifth Circuit follows long-standing U.S. Supreme Court precedent refusing to subordinate federal admiralty principles to the dictates of state law. Green v. Vermilion Corp., 144 F.3d 332, 339 (5th Cir. 1998)(holding that exclusive remedy provision of Louisiana Workers' Compensation Act does not preclude employee from asserting claim of negligence under general maritime law). Even if defendants are correct that both TLF and ES&H are employers, statutory or otherwise, under the state statute and, therefore, shielded from prosecution under other laws, they have failed to show how that protection shields them from maritime claims as a matter of law in this Court.[3]

Accordingly, because defendants have not carried their burden, IT IS ORDERED: that the defendants' motion for summary judgment is

---

[3] Defendants have submitted no reply papers and therefore do not appear to dispute the established case literature invoked by plaintiff. Further, defendants' counsel failed to make even a single reference to the applicability of general maritime law in the four and half page memorandum supporting the motion. This conspicuous omission could be construed as lack of candor to this Court.  Counsel are reminded of their professional obligations under 28 U.S.C. § 1927.

DENIED.

          New Orleans, Louisiana, August 31, 2012

          _____
            MARTIN L. C. FELDMAN
           UNITED STATES DISTRICT JUDGE