UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


TINA A. GIVENS                                    CIVIL ACTION

v.                                                NO. 12-690

ES&H, INC., ET AL.                                SECTION "F"

ORDER AND REASONS

Before the Court is the defendants' motion to reconsider and alter or amend this Court's order regarding a motion for summary judgment.  For the reasons that follow, the motion is DENIED.

**Background**

This is a personal injury lawsuit arising out of injuries allegedly suffered by an oil clean up worker. The facts of this case are more completely set forward in this Court's August 31, 2012 Order & Reasons, in which the Court denied defendants' ES&H, Inc. and Team Labor Force, LLC's motion for summary judgment. In denying summary relief in favor of ES&H and TFL, the Court determined only that the exclusive remedy clause of the Louisiana Worker's Compensation Act (LWCA) does not preclude the plaintiff's claim under general maritime law. The defendants now seek reconsideration of the Court's August 31 Order and Reasons.

I.

Rule 59(e) of the Federal Rules of Civil Procedure provides that a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.  Fed.R.Civ.P. 59(e).

1

Rule 60(b), on the other hand, applies to motions filed after the 28-day period, but demands more "exacting substantive requirements." See Lavespere v. Niagara Machine & Tool Works, 910 F.2d 167, 173-74 (5th Cir. 1990), abrogated on other grounds, Little v. Liquid Air Corp., 37 F.3d 1069, 1078 (5th Cir. 1994)(en banc).

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" Templet v. Hydrochem, Inc., 367 F.3d 473, 478 (5th Cir. 2004) (quoting In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002)). Because of the interest in finality, Rule 59(e) motions may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. Id. at 478-79. Moreover, Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings. See id. at 479; Rosenblatt v. United Way of Greater Houston, 607 F.3d 413, 419 (5th Cir. 2010)("a motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued'")(citing Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003)(quoting Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)). The grant of such a motion is an

"extraordinary remedy that should be used sparingly." <u>Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc.</u>, 114 Fed.Appx. 137, 143 (5th Cir. Nov. 11, 2004) (citing <u>Templet</u>, 367 F.3d at 479).  The Court must balance two important judicial imperatives in deciding whether to reopen a case in response to a motion for reconsideration: "(1) the need to bring the litigation to an end; and (2) the need to render just decisions on the basis of all the facts." <u>Templet</u>, 367 F.3d at 479.

Because the Court entered its Order and Reasons on August 31, 2012, and ES&H and TLF filed their motion to reconsider 10 days later on September 10, 2012, the motion to amend is timely under Rule 59(e).

II.

Application

On August 31, 2012, this Court entered its Order and Reasons denying defendants' motion for summary judgment. In their motion, defendants argued that ES&H and TLF were both statutory employers of Ms. Givens and, as such, her sole source of recovery is provided under the LWCA. This Court held defendants did not meet the burden of showing that the LWCA shields them from claims arising under general maritime law. Finally, this Court observed "the Fifth Circuit follows long-standing U.S. Supreme Court precedent refusing to subordinate admiralty principles to the dictates of state law."

This Court noted that "even if...both TLF and ES&H are employers, statutory or otherwise, under the state statute and, therefore shielded from prosecution under other laws, they have failed to show how that protection shields them from maritime claims as a matter of law."

A.

In support of their request for a reconsideration, defendants first argue that the Court incorrectly relied on <u>Green v. Vermilion Corporation</u> and thus misapplied the law. 144 F. 3d 332 (5th Cir. 1998). ES&H and TLF argue, for the first time, that <u>Green</u> only applies to employees engaged in maritime employment who are injured in navigable waters while performing traditional maritime work but are specifically excluded from the LWHCA. Because the defendants assert the plaintiff did not perform traditional maritime work, they submit <u>Green</u> is distinguishable and the plaintiff is subject to the exclusive remedy provision of the LWCA. Defendants do nothing more than raise arguments that could have been raised previously.

To determine whether a claim bears a significant relationship to traditional maritime activity, the Court is instructed to examine four factors, in addition to whether or not the injury occurred on navigable waters: (1) the functions and roles of the parties;(2) the types of vehicles and instrumentalities involved; (3) the causation and the type of injury; and (4) traditional

4

concepts of the role of admiralty law. <u>Kelly v. Smith</u>, 485 F.2d 520, 525 (5th Cir. 1973); <u>Thibodaux v. Atlantic Ritchfield Co.</u>, 580 F.2d 841, 846 n. 14 (5th Cir. 1978). Applying this standard, the <u>Green</u> court found Green was injured while performing a traditional maritime activity in the course of his employment because he was injured on a vehicle routinely employed on navigable waters and his injury was not uncommon in the maritime context. <u>Green</u>, 144 F. 3d at 336. Defendants now, for the first time, assert that the beach cleaning engaged in by the plaintiff is not a traditional maritime activity. Absent a showing by the defendants that the Court erred legally or factually, the Court need not resolve the defendants' new argument on the merits; rather the Court refers defendants to its prior, limited ruling; that is, the LWCA's exclusive remedy provision does not preclude a claim under general maritime law.

The defendants persistently point to the Eleventh Circuit's decision in <u>Brockington v. Certified Electric</u> as a more applicable precedent. 903 F.2d 1523 (11th Cir. 1990).[1] However, in <u>Green</u>, the Fifth Circuit explicitly rejected the <u>Brockington</u> standard regarding claims of unseaworthiness asserted by employees against

---

[1]In <u>Brockington</u>, the Eleventh Circuit held that where a land-based electrician had no connection to the maritime loading and unloading activity of the vessel, the excessive remedy provision of the state worker's compensation law precluded his ability to recover under general maritime law for an asserted negligence claim. <u>Brockington</u>, 903 F.2d at 1533.

employers. <u>Green</u>, 144 F.3d at 337. As such, in the Fifth Circuit, the exclusive remedy provision does not preclude a plaintiff employee from asserting a claim for unseaworthiness. The <u>Green</u> court similarly dismissed the line of precedent the <u>Brockington</u> court invoked to give preclusive effect to the state workers' compensation statute and instead looked to a line of Supreme Court precedent which "unequivocally holds that state workers' compensation statues can not preclude an employee from asserting a general maritime negligence claim against his employer for injuries sustained on navigable waters during the course of his employment." <u>Green</u>, 144 F.2d at 339 n.9. The defendants have not shown that this Court erred in holding that the LWCA does not preclude Ms. Givens' claim under general maritime law.[2]

Likewise, case literature is clear that "an exclusive remedy provision in a state's workers' compensation law cannot be applied when it will conflict with general maritime policy and undermine substantive rights afforded by general maritime law." <u>Thibodaux</u>, 580 F.2d at 847. Another section of this Court has noted that the Fifth Circuit has not explicitly determined whether general maritime law and a claim for maritime negligence preempts a state

---

[2]Again the Court notes that it has not determined that Ms. Givens will succeed on her general maritime law claim on the merits. No merits review was undertaken in the August 31 Order and Reasons because defendants did not suggest, let alone demonstrate, in their moving papers that they were entitled to judgment as a matter of law on Ms. Givens' general maritime law claim.

workmen's compensation exclusive remedy statute. <u>Frazier v. Carnival Corp.</u>, 492 F. Supp.2d 571, 574 (E.D. La. 2007)(Judge Barbier). However, Judge Barbier reasoned that there is no reason why a personal injury negligence claim under general maritime law should be treated any differently than wrongful death or unseaworthiness claims, both of which the Fifth Circuit found preempts application of a workmen's compensation statute's exclusive remedy provision. <u>Id</u>. at 575.[3] Defendants have not shown that this Court misapplied the law.

### B.

The defendants assert a second ground for reconsideration: they argue that the "maritime but local" doctrine applies and thus the LWCA exception applies. The defendants, again, failed to raise this argument in their motion for summary judgment.[4] Additionally, the defendants do not argue that this Court erred in not applying the "maritime but local" doctrine. Rather, the defendants argue that the "maritime but local" doctrine requires application of the LWCA and not general maritime law over Ms. Givens claims. Such an

---

[3]It is also worth noting that in <u>Frazier v. Carnival Corp.</u>, Judge Barber explicitly rejected application of <u>Brockington</u> to maritime negligence claims. 492 F. Supp. 2d at 575.

[4]Even if the defendants had argued that the "maritime but local" doctrine requires application of the LWCA to Ms. Givens' claim, the Louisiana Revised Statutes cannot preclude recovery pursuant to maritime law and can only supplement recovery under general maritime law. <u>In Re Antill Pipeline Constr. Co.,</u>2012 AMC 1091. 2011 U.S. Dist. Lexis 140052 (E.D. La. 2011)(Judge Berrigan); <u>Yamaha Motor Corp. v.. Calhoun</u>, 516 U.S. 199, 202 (1996).

argument could have been raised by defendants in the earlier proceeding and is hardly grounds for reconsideration of this Court's limited prior ruling; nor does it seem to have merit.

C.

The defendants finally contend that ES&H was Ms. Givens' statutory employer and thus is afforded protection under the LWCA. This is the very same argument defendants advanced in their motion for summary judgment. In its Order and Reasons denying the motion for summary judgment, this Court stated "even if defendants are correct that both TLF and ES&H are employers, statutory or otherwise, under the state statute and, therefore, shielded from prosecution under other laws, they have failed to show how that protection shields them from maritime claims as a matter of law in this Court." In rehashing their earlier arguments, the defendants present no new evidence or legal authority that would suggest that this Court erred in its Order and Reasons.

Accordingly, because the defendants failed to carry their Rule 59 burden to establish a mistake of law or fact, the defendants' motion to reconsider and alter or amend order regarding motion for summary judgment is DENIED.

New Orleans, Louisiana, October 15, 2012

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE